THOMAS OLIVER KORBY, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9413

September 6, 1977                    567 P.2d 961

*Gregory D. Corn,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; and *Robert C. Manley,* District Attorney, Elko County, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

Appellant Thomas Oliver Korby was convicted of possession of a controlled substance, marijuana, in violation of NRS 453.-336. He seeks reversal on the ground that the court erred in admitting the marijuana in evidence.

1. *The Facts.*

Two narcotics agents accompanied by an informant went to Currie, Nevada, to investigate a narcotics lead. They entered the Currie Store, a general store and bar, and had a conversation with its proprietor, Thomas Korby, and his wife, Donna. The informant bought Korby a drink, and Korby responded by inviting the visitors to smoke marijuana with him.

The four men left the store and entered a detached building designated as the women's restroom. Korby produced some marijuana and a corncob pipe and passed them to the others. One of the officers asked if he could buy some marijuana, but Korby refused, claiming he had only a small amount, but offering him instead a "joint for the road." After further conversation, the agents and the informant left the store.

About a month later, after determining that the joint was marijuana, the agents returned to the Currie Store. They bought Korby a drink, and again he offered marijuana in return. On this occasion, he left through the back door, returning in about two minutes with the marijuana. Korby and the agents then stepped outside and smoked the marijuana.

The agents returned to Elko and executed an affidavit describing the foregoing events. On the basis of the affidavit and an affidavit containing information supplied by a former tenant of the Korbys', a search warrant was issued. The search warrant authorized the search of the store, the women's restroom, another detached building near the store, and the Korbys' residence, also nearby.

The following day, the agents executed the warrant, placing Korby under arrest. Korby took the agents to the bedroom of his residence and handed over some marijuana and hash oil to them. Further search revealed additional marijuana and smoking paraphernalia, which the agents seized.

Korby filed a pretrial motion to suppress the seized evidence

on the ground that there was no probable cause to support the search warrant and that the warrant was insufficient on its face. The motion was denied, as was a similar motion made during trial. Korby claims that the denial was error and that the evidence should have been suppressed.

2. *Probable Cause.*

Korby suggests that the warrant was overbroad in authorizing a search of his residence, there being no probable cause to believe any marijuana would be found there. He argues that the only link with the house in the agents' affidavit is the statement that when Korby left the store to get the marijuana "Mr. Korby would have had time to go to the dwelling house . . . but would not have had time to go many other places."

The essence of Korby's argument is that the underlying circumstances set forth in the agents' affidavit were not sufficient to justify a conclusion, by either the affiants or the magistrate, that marijuana would be found in Korby's residence. It is suggested that, although Korby could have gone to his residence to obtain the marijuana during his two minutes' recess from the store, he might also have gone to a number of other places on the property. In support of his argument, Korby relies upon Spinelli v. United States, 393 U.S. 410 (1969).

In *Spinelli,* the High Court held that an affidavit based in part on an informant's tip was insufficient to support a search warrant. That affidavit stated that Spinelli had been seen frequently visiting a certain apartment which contained two telephones, that Spinelli was a known bookmaker, and that a reliable informant had stated that Spinelli was operating a bookmaking operation from the above telephones. As Korby points out, the Court concluded that the affidavit justified no more than a conclusion that Spinelli could have been using the telephones for bookmaking purposes, which was insufficient to establish probable cause. Korby urges that the same result should be reached in the instant case, where the affidavit established only the possibility, not the probability, that marijuana would be found in the house.

Korby's argument, however, ignores the reasoning leading up to the Court's conclusion in *Spinelli.* There, the Court observed that (1) the informant's reliability had been asserted, rather than shown, and (2), more important, it had not been stated how the informant had gathered his information, whether from personal knowledge or hearsay. In light of these omissions, the Court concluded that it was especially important that the tip establish the criminal activity in detail, from which one might infer that the information had been secured in a

reliable way. Bare allegations that Spinelli was using certain phones for bookmaking, coupled with his access to these phones, were insufficient to support inferences of reliability.

In the instant case, however, the reliability of the affiants, narcotics agents, is not in question. Neither is the way in which they acquired their information, which was clearly from personal observation. In such a case, according to *Spinelli*, probable cause may be supported by a less detailed showing.

In Houser v. Geary, 465 F.2d 193 (9th Cir. 1972), *cert. denied*, 409 U.S. 1113 (1973), an affidavit upon which a search warrant was issued authorized the search of a house, detached garage with one room converted for occupancy, a small shed converted to sleeping quarters, and a hothouse-greenhouse, all located on the same property. The affiant, the son of the lessor of the property, merely stated in his affidavit that he had discovered marijuana in the hothouse and that he had seen people entering and leaving the living quarters in the garage and small shed. There was no mention of any direct evidence that there was marijuana in the house being occupied by the renter of the property.

The Ninth Circuit Court concluded that there was reasonable cause to support a search of the house, based solely on the observation of marijuana in the hothouse. The court reasoned that it was logical to conclude that the renter of the premises was occupying the house rather than either of the smaller quarters and that he had control of the hothouse. Implicit in the opinion is the further conclusion that one growing marijuana on his property would also keep marijuana in his living quarters. As noted in Houser: "These inferences might be wrong in fact, but they are, in our judgment, more reasonable than not, and that is enough for probable cause." Houser v. Geary, 465 F.2d at 196.

The same reasoning can be applied to the instant case. Korby may, during his two minutes' absence from the store, have gone somewhere other than his residence to obtain the marijuana. Nevertheless, it is more reasonable than not to infer from Korby's casual use of marijuana with near strangers that he also kept marijuana in his residence rather than hidden in some less easily discoverable place on the property. The contents of the affidavit were, therefore, sufficient to support a warrant authorizing the search of Korby's residence, where the incriminating evidence was found.

The motion to suppress was properly denied, since the supporting affidavit of the agents established probable cause that

marijuana would be found in Korby's residence. The judgment of conviction is affirmed.

BATJER, C. J., and THOMPSON, GUNDERSON, and MANOU-KIAN, JJ., concur.